The opinion of the Court was delivered by
JOHNSON, J.
The prisoner was indicted under the Act of 1830, for the crime of horse stealing,'-.and was convicted upon, very conclusive proof of his guilt.' 3,-he Act punishes the first offence with whipping,- and the second with death, without the benefii of clergy; and it is now moved in arrest of judgment on the ground, as explained in the argument, that the indictment does not state whether this is the first or second offence. There is no precedent that has fallen within my observation of an indictment charging a former conviction for a similar offence, notwithstanding the many instances in which the benefit of clergy is allowed in the first and taken away in the second offence. The practice is doubtless founded on the principle, that the record of the first conviction is conclusive evidence of the first *461 offence, and evidence cannot be admitted to contradict it. Phil. Ev. 219. It would be useless to aver in an indictment a fact which was ascertained of record, and which the accused was incapable of contradicting. In addition to this, whether it be the first or second offence, the accused has incurred a guilt to which the law has affixed a punishment, and whether in a greater or less' degree, can only be judged of by the record; these are proved by inspection, and judged of by the Court, not the jury. It is only necessary to decide upon the existence or non-existence of the record, when the Court is called on to pronounce the sentence of the law. If there be but one conviction, then, of course, the law imposes only the punishment for the first offence. If there be two convictions, then tjie punishment for the second offence follows, and for this purpose it is certainly immaterial whether the first conviction is or is not recited in the record, of the second, and this is in conformity with the practice here and every where else.-
The prisoner also moves for a new trial on the grounds: 1. That the trial of the cause ought to have been postponed on the cause shown on Circuit. 2-. That hé was entitled to traverse the indictment as of right. On the subject of continuance for cause shown, it will be sufficient for the general rule, to refer to what is said by the Court in the case of Doherty vs. Littlefield. The only cause shown here, having the least plausibility, was the absence of a witness residing in Georgia, whose attendance no efforts had-'been made to procure. I remember one instance in which the. late Mr. Justice Nott ordered a prosecution to be stayed, unless the prosecuting officer would consent to take the examination of a witness who resided out of the State, by commission, on his being fully satisfied that his evidence was material to the defence of the accused; and upon a clear case made, I am disposed to think that precedent deserves'to be followed. But here the Judge proceeded upon the belief that this was a mere shift of the prisoner to delay the trial, and the cirtJumstances I fear too well justify it.
*462 Judge Blackstone remarks, that it is usual to try felons immediately, or soon aft§r their arraignment; -but that it is not customary, nor agre.eable to the general course of proceeding, unless'by consent, of parties, or.when the defendant is actually in jail, to try persons indicted of sma’ler misdemeanors at the same court at which they have pleaded not guilty/or traversed the indictment;' (4 Black.' Com.-861); and our practice has been in-conformity to this rule: and,in the application of it, the accused has been denied,the right of-traverse in all cases of larceny and other crimes where the.punishment is infamous; and this case falls clearly within'this-class of offences.
We are, therefore, of opinion, that the motions both'in arrest of judgment and for a new trial ought to be dismissed, and it is accordingly so ordered.
O’Neall and Harper, JJ., concurred.
Motion refused.